EGGERT v. EGGERT.

1. CANCELLATION OF INSTRUMENTS — DEEDS — EXECUTION — EVIDENCE.

On a bill to cancel a deed, evidence examined, and *held*, to show that its execution was not the grantor's conscious, intelligent, and free act and deed.

2. INSANE PERSONS—DEFAULT—APPEARANCE.

A contention that the rights of an insane defendant were not sufficiently guarded is untenable, notwithstanding no answer was filed for him and his default was entered, where no proceeding was taken in the case unless he was represented, the hearing was upon the merits, participated in by his solicitors who produced witnesses in his defense, and his guardian ad litem was present and assisting in his defense as a witness.

Appeal from Wayne; Hosmer, J. Submitted January 12, 1906. (Docket No. 66.) Decided May 24, 1906.

Bill by Wilhelm Eggert against Gustave Eggert and Wilhelmina Eggert to set aside certain deeds. From a

decree for complainant, defendant Gustave appeals.   Affirmed.

*Edmund Atkinson* (*William F. & Frank W. Atkinson,* of counsel), for complainant.

*James H. Pound,* for appellant.

McALVAY, J.   Complainant on June 7, 1892, filed his bill of complaint against defendants in Wayne circuit court, in chancery, to set aside a certain deed to defendant Gustave Eggert, purporting to have been made November 6, 1885.   The bill alleges that he is the father of defendant Gustave; that on September 16, 1884, they together purchased these premises jointly, being the southerly 20 feet of lot 15 and the northerly 10 feet of lot 14, Williams' subdivision of outlot No. 22, private claim No. 30, Fort and John C. streets, according to the recorded plat thereof, located in Detroit; that in November, 1885, being very sick and desirous of making a will leaving said premises to his son, said Gustave procured the services of one Kurth, who prepared an instrument under the instructions of Gustave which, he told his father, was a will, and which complainant signed believing it to be his last will and testament; that he never knowingly executed a quitclaim deed to any one.   He further states on information and belief that an instrument purporting to be a quitclaim deed of said premises, executed to said Gustave by him by affixing his mark, November 6, 1885, for the consideration of $63, was recorded in the office of the register of deeds of Wayne county, November 10, 1885, and that said Gustave claimed that by said deed complainant conveyed to him absolutely the said premises.   He further states that he first learned of this deed May 16, 1892; that he is able to write his name, and no consideration whatever was ever paid him by Gustave; and that said pretended conveyance is a fraud upon him.   On information and belief he alleges:   That on December 22, 1887, said Gustave Eggert executed a quitclaim of said premises to

Henry Ohrns, for $1 and other valuable consideration, which was duly recorded. That on the same date said Ohrns conveyed said premises by quitclaim deed to Gustave Eggert and Wilhelmina Eggert, his wife, in consideration of $1, which said deed was also duly recorded. In this last deed is the following recital:

" Provided that should Gustave Eggert die before his father, William Eggert, said William is to have an undivided one-half interest in said property during his life, and upon the death of said Gustave Eggert and William Eggert said Wilhelmina Eggert is to become the sole and absolute owner."

That Wilhelmina Eggert now claims to be the owner with Gustave of these premises, that she had full knowledge that all these conveyances were without consideration, and that they were made for the purpose of enabling her to obtain his undivided one-half interest in the premises, which he alleges still belongs to him. He further states that Gustave Eggert now is and for two years has been insane, and confined in the asylum at Pontiac. He prays that both the deed from him to Gustave, and the other deeds above described, as far as they affect his undivided one-half interest in said premises, may be decreed fraudulent and void; also for an injunction against Wilhelmina Eggert restraining her from conveying, mortgaging, or incumbering said premises. Service of subpœna was made on both defendants.

On August 24, 1892, Wilhelmina Eggert entered her appearance by Morse Rohnert, her solicitor, and on December 8th answered the bill of complaint, denying all the material allegations thereof and alleging that the deed was made at the request of complainant, was read over to him and duly executed, witnessed, and acknowledged, and that the premises are now owned by the defendants as joint tenants by the entireties.

The next step in the case was taken in January, 1904, when one William Schmidt filed a petition in said cause showing that defendant Gustave Eggert was an insane

person and that he was his general guardian duly appointed; that Gustave had never appeared in said cause, and prayed for appointment as his guardian ad litem. This petition was granted January 24, 1904. On February 3, 1904, on behalf of defendant Gustave Eggert by his guardian ad litem, Palmer & Palmer, solicitors, a motion was made to dismiss the bill of complaint. On February 25, 1904, on filing an affidavit of regularity and nonappearance, complainant's solicitor filed a replication to defendant Wilhelmina Eggert's answer. March 22, 1904, the motion to dismiss the bill of complaint was denied, the default was set aside, and defendant Gustave Eggert given time to answer. On March 29, 1904, Palmer & Palmer as solicitors entered the general appearance of defendant Gustave Eggert in said cause. January 17, 1905, a petition was filed by complainant setting forth that defendant Wilhelmina Eggert had died April 24, 1899, and praying said cause be revived as to said Gustave Eggert. February 6, 1905, an order was entered directing said cause to proceed against Gustave Eggert, surviving defendant. February 23, 1905, upon the usual showing of regularity and want of answer, demurrer, or plea, an order pro confesso was entered against defendant Gustave Eggert, and that proofs be taken in open court. On February 27, 1905, application was made to take the deposition of Fredericka Teos, a material witness for complainant, and notice of taking of such testimony given Palmer & Palmer, solicitors for defendant Gustave Eggert, and by stipulation in writing the said testimony was taken; solicitors for both parties being present. The cause was heard before Hon. George S. Hosmer, circuit judge, and the testimony is all before this court. A decree was granted in favor of complainant for the relief asked as to an undivided one-half of the premises in question, without prejudice as to any interest the heirs of Wilhelmina Eggert may have therein. The record shows that this decree was signed, filed, and entered May 1, 1905. On the same day Carl Wendtlant filed a petition

showing, among other things, that he had been appointed general guardian of Gustave Eggert in place of former guardian, removed, praying that he might be appointed guardian ad litem of said defendant Gustave Eggert, instead of William Schmidt. The court granted this petition.

It is undisputed that at the time the deed was made by complainant to defendant Gustave Eggert, he was the owner of an undivided one-half interest in the premises. It is also undisputed that on November 6, 1885, at the time this deed was made, complainant was very sick, and had been for a long time confined to his bed. The testimony of the witness Fredericka Teos, one of the subscribing witnesses to the deed, shows his condition at that time. She says his eyes were closed, and he did not speak; that the deed was not read over to him; that the pen was put into his hand and Kurth, the notary, talked to him and said, "We will say he says 'Yes,'" and made the cross on the deed. She is the only witness of the execution of this deed. Complainant was apparently unconscious, at least in such condition that this court must say that the deed executed by him was not his conscious, intelligent, and free act and deed.

It is not disputed that the transfers from defendants to Ohrns and from Ohrns back to defendants were made December 22, 1887. The evident purpose of these deeds was to create an estate by the entireties in them. This is the claim made by defendant Wilhelmina in her sworn answer filed soon after this suit was commenced, and that the deed reserved to said complainant a life interest should he survive Gustave. These deeds need not be considered, in view of the fact that the deed from complainant was without consideration and void, and that the decree in the case from which complainant has not appealed was without prejudice as to the interest of the heirs of Wilhelmina.

It is contended that the rights of defendant Gustave have not been sufficiently guarded. The record shows that all the proceedings were regular, and no proceeding

in the case was taken unless he was duly represented. It is true that no answer was filed for him, and a default was entered, but the hearing was upon the merits, participated in by his solicitors, who produced witnesses in his defense. The present guardian ad litem who takes this appeal was present and assisting in the defense as a witness. The decree of the court deprives Gustave Eggert of nothing he had before November 6, 1885. . There has been trouble in this family since this deed was made. There was some money of the old gentleman's which was under the control of Wilhelmina, and to obtain which he was obliged to begin proceedings at law. He says he was put out of the house by her.

This suit was begun in 1892. There have been several substitutions of solicitors for complainant in the case, and the great delay in bringing the suit to a hearing seems to have been caused by the neglect, absence, and removal from the State of his former solicitors. Complainant is now 82 years old, and he is entitled to this little property of which he has been for so long a time wrongfully deprived. The value of the entire property is less than $1,000.

It is urged that no costs should be granted. We acknowledge the force of this claim on account of the small value of this property and the unfortunate condition of both parties, and not because of any tender consideration for complainant's relatives by marriage, or others, who, as suggested by the record, appear to be willing to speculate upon the result of this case.

The decree of the circuit court is affirmed, with costs.

GRANT, BLAIR, MONTGOMERY, and OSTRANDER, JJ., concurred.